IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MIKE SHALES, JOHN BRYAN, SR., AL )
OROSZ, DAN BREJC, TOBY KOTH and )
GORDON ANDERSON, as Trustees of THE )
FOX VALLEY LABORERS' HEALTH AND )
WELFARE FUND, )
)
and )
) Case No. 07 C 2970
MIKE SHALES, JOHN BRYAN, SR., AL )
OROSZ, DAN BREJC, TOBY KOTH and )
GORDON ANDERSON, as Trustees of THE )
FOX VALLEY LABORERS' PENSION )
FUND, )
)
Plaintiffs, )
)
v. )
)
LANAS CONSTRUCTION, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On April 2, 2009, the Court granted the trustees of the Fox Valley Laborers' Health and Welfare Fund and the Fox Valley Laborer's Pension Fund (collectively, the Funds) a $107,273.24 judgment against Lanas Construction, Inc., for unpaid contributions and dues owed under section 515 of the Employee Retirement Income Security Act, 29 U.S.C. § 1145. The Court subsequently awarded the Funds $33,299.11 in attorneys' fees and costs.

On May 13, 2009, the trustees issued citations to discover assets to Lanas

Construction, Inc. and Walter Daniels Construction (Daniels) to aid the Funds in collection of the $140,572.35 combined judgment. The Funds now move for orders of contempt directed at Daniels and Jeff Lanas, president of Lanas Construction, Inc., for violations of the citations.[1] For the reasons stated below, the Court grants the motions in part and denies them in part.

## Background

The Court takes the following facts from the Funds' submissions in their motions for orders of contempt and from the filings in response.

### A. Citation to Discover Assets Against Daniels

On May 13, 2009, the trustees issued a citation to discover assets on Daniels to aid the Funds in collection of the $140,572.35 combined judgment. The citation required the president of Daniels to appear for a citation examination and prohibited Daniels from:

> making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the defendant, which it may be entitled to or which may be acquired by or become due to it and from paying over or otherwise disposing of any money not so exempt, that is due or becomes due to the Defendant until further order of the court or termination of the proceedings.

*See* Pls.' Mot. For Order of Contempt Directed at Daniels, Ex. 1 at 2.

On May 21, 2009, Daniels answered the citation in writing, stating: "We currently owe Lanas Construction $2,845.00 on a project that is complete, but Lanas Construction needs to go back and do some re-work to what was done. Additionally,

---

[1] The Court treats the Funds' previously submitted Motion for Turnover Order directed at Daniels as subsumed by the Funds' more recent Motion for Order of Contempt directed at Daniels.

we have a new project starting and there is a contract in the estimated amount of $25,000 pending." *Id.*, Ex. 4 at 1.

On July 5, 2009, Lanas Construction, Inc. filed a chapter 11 bankruptcy petition. The company sought relief from the citation, but the bankruptcy court declined to adjudicate the request. Instead, on May 12, 2010, the bankruptcy court dismissed the chapter 11 petition due to gross mismanagement.

Through subpoenas issued during the bankruptcy proceedings, the Funds obtained copies of nineteen checks, totaling $347,073.97, that Daniels issued to Lanas Construction, Inc. after receiving the citation. *See* Pls.' Mot. For Order of Contempt Directed at Walter Daniels Construction Co., Exs. 5, 6. Bank records indicate that Lanas Construction, Inc. deposited the checks into accounts at Fifth Third Bank and Community Trust Credit Union between July 27, 2009 and May 19, 2010. *Id.*

One of the checks was a $25,000 check deposited by Lanas Construction, Inc. on July 27, 2009. *See id.*, Ex. 5, at 1. In a motion Daniels filed seeking an accounting, Daniels admitted that it tendered a check for $25,000 to Lanas Construction, Inc. in July 2009 but stated that "the funds were separate and apart from the contract referenced in the Answer to the Citation." *See* Daniels Mot. for Accounting at 2. Instead, Daniels characterized the July 2009 payment as a loan provided "to enable Lanas to stay in business." *Id.*

The Funds now submit to the Court evidence linking the July 27, 2009 check to a completed construction contract. *See* Pls.' Mot. for Contempt Sanctions Directed at Daniels, Exs. 5, 8. Specifically, records from First Third Bank show that the $25,000

3

check posted on July 27, 2009 was check number 33841. *Id.*, Ex. 5 at 1. A check stub bearing the same number says it is payment for a project with a purchase order number of 23482. *Id.*, Ex. 8 at 4. A Daniels purchase order numbered 23482, in turn, describes a construction project at a McDonald's restaurant. *Id.* at 2. An invoice bearing the same purchase order number from Lanas Construction Co. likewise describes the McDonald's project. *Id.* at 3. Finally, a final waiver of liens for the McDonald's construction project references a $25,000 payment and shows an execution date of July 27, 2009. *Id.* at 5.

In response, Daniels continues to insist, without any supporting documentation, that the $25,000 payment did not concern the $25,000 pending contract referenced in its answer. Daniels also submits a letter signed by its vice president and Jeff Lanas purporting to memorialize an agreement that the $25,000 payment would be considered a loan only in the event that the Court later determined that it violated the citation order. *See* Daniels Resp. to Pls.' Mot. for Order of Contempt, Ex. 4. The letter, which bears the date of July 27, 2009, states:

> Enclosed is our check number 33841 in the amount of $25,000.00. Walter Daniels Construction Co., Inc. wants you to stay in business and be a strong, well-organized union contractor. However, we may have to pay that amount to your union because of the citation that was served on us by the union.
>
> This is to confirm that you agree, if Walter Daniels Construction Co., Inc. does have to pay that amount the union, you will consider the $25,000.00 to be a loan. That you personally, and Lanas Construction, Inc. agree to repay. In other words, you agree to personally guaranty [sic] the $25,000.00 to Walter Daniels Construction Co., Inc.

*Id.*

4

**B.  Citation to Discover Assets Against Lanas Construction, Inc.**

On May 13, 2009, the trustees issued a citation to discover assets to Lanas Construction, Inc.  Jeff Lanas, president of Lanas Construction, Inc., signed a certified mail receipt for the citation on or about May 15, 2009.  *See* Pls.' Motion for Order of Contempt Directed at Jeff Lanas Personally, Ex. 3.[2]  The citation prohibited Lanas Construction, Inc. from:

> making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to Lanas Construction, Inc., that it may be entitled to or that may be acquired by or become due to it and from paying over or otherwise disposing of any money not so exempt, that is due or becomes due to Lanas Construction, Inc., until further order of the court or termination of the proceedings.

*See id.*, Ex. 1 at 3.  The citation also directed Mr. Lanas to appear for a citation examination and to bring to the examination certain documents reflecting Lanas Construction, Inc.'s assets.  *Id.*, Ex. 1 at 1-2.

The parties initially scheduled the citation examination for June 16, 2009.  At Mr. Lanas's request, the Funds agreed to reschedule the examination for July 8, 2009.  On July 7, 2009, Mr. Lanas cancelled the examination and informed the Funds that Lanas Construction, Inc. had filed for bankruptcy two days earlier.

On June 7, 2010, the Court held that the citation served on Lanas Construction, Inc. remained in effect and extended the citation's expiration date to December 10, 2010.  The Funds again requested that Mr. Lanas appear for a citation examination.  Mr. Lanas agreed to appear on June 24, 2010 but canceled the examination one day

---

[2]The signed receipt indicated a date of May 15, 2009 but was stamped with a date of May 16, 2009.

before it was scheduled to take place. The parties rescheduled the examination for July 1, 2010. On June 30, 2010, Mr. Lanas advised the Funds that he would not appear for the examination and that Lanas Construction, Inc. intended to initiate proceedings under chapter 7. Lanas Construction, Inc. filed a chapter 7 bankruptcy petition on July 14, 2010; the petition remains pending.

Bank statements obtained by the Funds during the chapter 11 bankruptcy proceedings indicate that, after receiving the citation on May 15, 2009, Lanas Construction, Inc. transferred or disposed of a total of $805,548.56 from its accounts at Fifth Third Bank and Community Trust Credit Union. The company transferred or disposed of $113,855.58 prior to the chapter 11 bankruptcy filing and $32,492.33 after dismissal of the chapter 11 case.

The Funds assert that they have incurred attorney's fees and costs totaling $22,196.35 in their post-judgment collection efforts before this Court and $61,663.53 in their efforts before the bankruptcy court. They also contend that post-judgment interest continues to accrue on the unpaid $140,572.35 combined judgment and that Lanas Construction, Inc. owes additional months' contributions to the Funds for periods subsequent to the March 2009 judgment.

Lanas Construction, Inc. is the third business Mr. Lanas has owned or operated. *See Shales v. Lanas Const., Inc.*, No. 07 C 2970, 2009 WL 562607, at *1-2 (N.D. Ill. Mar. 4, 2009). Lanas previously owned or operated "Lanas Construction, Inc." until its dissolution in 1997 and "J. Lanas Const." until its dissolution in 2001. *Id.* at 1-2, 5. The Funds contend that both of Mr. Lanas's previous businesses ceased operations without paying contributions and debts owed to the Funds.

## Discussion

The Funds move for orders of contempt directed at Daniels and Jeff Lanas for violations of the restraining provisions of the citations.

Under Illinois law, a citation to discover assets is a supplementary proceeding that enables a judgment creditor to "discover assets or income of the debtor not exempt from the enforcement of the judgment" and to "compel[] the application of nonexempt assets or income discovered toward the payment of the amount due under the judgment." 735 ILCS 5/2-1402(a). The citation may include a restraining provision that "prohibit[s] the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of the judgment." *Id.* 2-1402(f)(1). The purpose of this is to prevent the citation respondent "from transferring funds which may become due to the judgment debtor, in order to insure that the latter does not abscond with money that is due." *Cacok v. Covington*, 111 F.3d 52, 54 (7th Cir. 1997) (quoting *Kirchheimer Bros. Co. v. Jewelry Mine Ltd.*, 100 Ill. App. 3d 360, 362, 426 N.E.2d 1110, 1113-14 (1981)). "Section 2-1402 is to be construed liberally, . . . vesting the courts with broad powers to compel the application of discovered assets or income to satisfy a judgment." *City of Chicago v. Air Auto Leasing Co.*, 297 Ill. App. 3d 873, 878, 697 N.E.2d 788, 791 (1998); *accord Society of Lloyd's v. Estate of McMurray*, 274 F.3d 1133, 1135 (7th Cir. 2001).

Illinois law provides that a court may punish violations of the restraining provision of a citation as follows:

> The court may punish any party who violates the restraining provision of the citation as and for a contempt, or if the party is a third-party may enter judgment

> against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser.

735 ILCS 5/2-1402(f)(1). Illinois Supreme Court Rule 277, which governs supplementary proceedings, provides further that "[a]ny person who fails to obey a citation . . . may be punished for contempt." Ill. S. Ct. R. 277(h). The citation thus provides notice to the respondent that "if he transfers property subject to the supplementary proceeding, thereby attempting to impede the administration of justice, and places the property beyond the reach of the court, he will be punished either by having a judgment entered against him for the amount of the judgment creditor's claim or the value of the property, whichever is less, or may be punished as and for contempt." *Bank of Aspen v. Fox Cartage, Inc.*, 126 Ill. 2d 307, 314, 533 N.E.2d 1080, 1083 (1989) (citation and internal quotation marks omitted).

### A. The Funds' Motion Against Daniels

The Funds assert that Daniels violated the restraining provision of its citation by transferring $347,073.97 in assets to Lanas Construction, Inc. beginning in July 2009. Daniels does not deny the transfers. Instead, Daniels argues that: (1) the citation did not apply to transfers property of Lanas in Daniels' hands acquired after the chapter 11 bankruptcy filing; (2) the citation terminated in November 2009; (3) the automatic stay resulting from Lanas Construction, Inc.'s recent chapter 7 bankruptcy filing prevents the Court from entering judgment against Daniels; (4) the Funds are estopped from bringing the present motion against Daniels because they sat on their rights; (5) Daniels acted in good faith; and (6) the citation did not prohibit payments due to material suppliers pursuant to the Mechanics Lien Act.

8

Contrary to Daniels' argument, the citation did extend to property acquired by Lanas Construction, Inc. after the chapter 11 bankruptcy filing. Illinois law governing citations does not excuse the transfer of property acquired post-petition. Instead, section 2-1402(m)(2) states that the citation covers:

> all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come to the judgment debtor and comes into the possession or control of the third-party to the time of the disposition of the citation.

Section 2-1402(f)(1) provides further that the citation operates "until the further order of the court or the termination of the proceeding" and excludes only property exempt under section 5/12-1001 and property in excess of double the amount of the judgment.

Daniels relies on 11 U.S.C. § 362(a), which imposes an automatic stay on pre-petition claims against the debtor upon the filing of a bankruptcy petition. Section 362(a) states in relevant part that the filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of–
>
> (1) the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; . . .

11 U.S.C. § 362(a). "The stay protects debtors from harassment and also ensures that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group." *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir. 1991) (citations omitted).

The automatic stay did not, however, relieve Daniels of its responsibility to

9

adhere to the citation during the pendency of the bankruptcy proceedings absent an order from the bankruptcy court excusing compliance. *See generally In re Kanipe*, 293 B.R. 750, 758-59 (Bankr. E.D. Tenn. 2002) (holding that a court may enforce a pre-petition garnishment against a debtor's employer after the commencement of bankruptcy proceedings without violating the automatic stay). Specifically, the automatic stay does not bar enforcement of a citation against someone other than the debtor. *See id.* at 758 (collecting cases). A contrary rule would permit the debtor to unilaterally nullify or evade a citation order and would provide an incentive for meritless bankruptcy filings. *Cf. Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993) (Rule 11 sanction proceeding is not subject to automatic stay).

The sole case cited by Daniels in response – *In re Newton*, 64 B.R. 790 (Bankr. C.D. Ill. 1986) – is inapposite. *Newton* concerns the post-petition status of a lien resulting from a security agreement and relies on a federal statute expressly limiting such liens to property acquired prior to commencement of the bankruptcy case. *See Newton*, 64 B.R. at 190 (citing 11 U.S.C. § 552). No parallel statute applies to statutory liens like the one at issue in this case. *See In re Fitterer Eng'g Assocs.*, 27 B.R. 878, 882-83 (Bankr. E.D. Mich. 1983) (construing section 552 to apply exclusively to security interests). The Court concludes that the citation remained in effect during the pendency of the bankruptcy petition, subject to the right of the debtor to petition the bankruptcy court for relief from the citation. Accordingly, any transfers made by Daniels while the citation was in effect violated the citation's restraining provision, notwithstanding Lanas Construction, Inc.'s bankruptcy filing.

Daniels next argues that the citation terminated in November 2009 pursuant to Illinois Supreme Court Rule 277(f), which states that a citation proceeding "terminates automatically 6 months from the date of . . . the respondent's first personal appearance pursuant to the citation." Federal law, however, provides for an extension of the six-month time period when a bankruptcy filing triggers an automatic stay:

> [I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of –
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay.

11 U.S.C. § 108(c). Pursuant to section 108(c), the citation remained in effect for at least thirty days after the May 12, 2010 dismissal of the bankruptcy case. *See In re Coan*, 96 B.R. 828, 832-33 (Bankr. N.D. Ill. 1989); *In re Morton*, 866 F.2d 551, 566 (2d Cir. 1988). Bank records indicate that all nineteen of the checks at issue here were deposited by June 11, 2010; accordingly, they were all transferred in violation of the citation.

Third, Daniels argues that the automatic stay resulting from Lanas Construction, Inc.'s recent chapter 7 bankruptcy filing prevents the Court from entering judgment against Daniels. The Seventh Circuit has explained, however, that the automatic stay "does not touch proceedings to enforce a court order against non-bankrupt third parties" and instead "protects only the debtor, unless the debtor and some third party have such a similarity of interests that failure to protect the third party will mean that the assets of the debtor itself will fall to jeopardy." *Fox Valley Construction Workers Fringe Benefit*

*Funds v. Pride of the Fox Masonry & Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998). Daniels does not argue, let alone show, that failure to protect it from a contempt sanction will jeopardize Lanas Construction, Inc.'s assets. The Court thus concludes that the automatic stay does not prevent an entry of judgment against Daniels.

Fourth, Daniels argues that the Funds are estopped from bringing the present motion against Daniels because they sat on their rights. Specifically, Daniels observes that the Funds declined to request permission from the bankruptcy court to seek a turnover order for the assets held by Daniels on behalf of Lanas Construction, Inc. or an extension of the citation. The record indicates, however, that the Funds have vigorously pursued the citation. No authority required the Funds to request permission from the bankruptcy court to obtain a turnover order during the pendency of the bankruptcy case. Instead, the Funds properly filed a motion for a turnover order with this Court on May 20th, 2010, just eight days after dismissal of the bankruptcy case. Likewise, no authority required the Funds to seek an extension of the citation from the bankruptcy court. As explained above, the citation proceeding remained in effect pursuant to 11 U.S.C. § 108(c) during the pendency of the bankruptcy case. *See Coan*, 96 B.R. at 832-33.

Fifth, Daniels argues that it should not be held in contempt because it possessed a good faith belief that any money due Lanas Construction, Inc. after the filing of the bankruptcy petition was exempt from the restraining provision of the citation. Daniels' July 27, 2009 letter regarding the $25,000 payment indicates otherwise. *See* Daniels' Resp. To Mot. for Order of Contempt, Ex. 4 at 1 (stating that "we may have to pay that amount to your union because of a citation that was served on us by the union").

Furthermore, Daniels' characterization of the $25,000 payment as a straightforward loan is indicative of bad faith. That characterization is belied both by the invoice submitted by the Funds linking the payment to a construction contract and by Daniels' July 27, 2009 letter suggesting that the payment would be considered a loan only in the event that Daniels was forced by the Court to pay $25,000 to the Funds pursuant to the citation.

Sixth, Daniels argues that the $347,073.97 transferred to Lanas Construction, Inc. included payments due to material suppliers pursuant to the Mechanics Lien Act that did not violate the citation. Illinois law does not authorize such an exception, however, as payments to material suppliers do not fall under the two exceptions for provided in section 2-1402(f)(1) for transfers that are authorized notwithstanding a citation order. Moreover, Daniels offers no evidence of any such payments, nor does it attempt to quantify them.

The Funds seek an entry of judgment by the Court against Daniels for the unpaid $140,572.35 judgment against Lanas Construction, Inc., plus costs and interest, or, in the alternative, a contempt sanction in an equivalent amount. Section 2-1402(f)(1) authorizes a court to enter a judgment against a third party in violation of a citation order "in the amount of the unpaid portion of the judgment and costs," but not interest. *See For Your Ease Only, Inc. v. Calgon Carbon Corp.*, No. 02 C 7345, 2009 WL 3255236, at *3-4 (N.D. Ill. Oct. 6, 2009). Accordingly, the Court will enter judgment against Daniels for the $140,572.35 judgment plus costs incurred before this Court, but not for interest.

**B.	The Funds' Motion Against Mr. Lanas**

The Funds assert that Mr. Lanas violated the restraining provision of the citation directed at Lanas Construction, Inc. by improperly transferring $805,468.56 in assets on behalf of the corporation and by repeatedly failing to appear for a citation examination.[3]

In opposition to the Funds' motion, Mr. Lanas argues that the recent chapter 7 bankruptcy filing by Lanas Construction, Inc. insulates him from personal liability, citing the automatic stay provision of 11 U.S.C. § 362(a). As explained above, however, the automatic stay does not prevent proceedings to enforce a court order against a non-bankrupt third party unless failure to do so would jeopardize the debtor's assets. *Fox Valley Construction Workers Fringe Benefit Funds*, 140 F.3d at 666. Mr. Lanas does not argue, let alone show, that failure to protect him from liability will jeopardize Lanas Construction, Inc.'s assets. *See In re Koop*, No. 00 B 24471, 2002 WL 1046700, at *4-5 (Bankr. N.D. Ill. May 23, 2002). Illinois law permits a court to hold a corporate officer personally liable for assets transferred in violation of a citation on behalf of a corporation that is a judgment debtor. *See Air Auto Leasing Co.*, 297 Ill. App. 3d at 879, 697 N.E.2d at 792; *Laborers' Pension Fund v. Dominic Jr., Inc.*, No. 02 C 3321, 2003 WL 21310282, at *2 (N.D. Ill. June 5, 2003). Accordingly, the Court concludes that the automatic stay does not insulate Mr. Lanas from personal liability.

---

[3]In support of their motion against Mr. Lanas, the Funds also cite the bankruptcy court's dismissal of the chapter 11 case due to gross mismanagement and inadequate record-keeping, as well as Lanas Construction, Inc.'s alleged failure to pay contributions to the Funds for periods subsequent to the March 2009 judgment in this case. The Funds offer no independent evidence substantiating these allegations, apart from the opinion of the bankruptcy court. The Court agrees with Mr. Lanas that these allegations fall beyond the scope of the present motion relating to the citation.

Mr. Lanas next contests, without explanation, the extent of any transfers made. He does not dispute the authenticity of the bank statements presented by the Funds, however, nor does he provide any evidence to refute those records. The Court finds that Mr. Lanas authorized the transfer of $805,468.56 between May 15, 2009 on May 31, 2010, including $113,855.58 prior to commencement of the chapter 11 case and $32,492.33 after its dismissal.

Third, Mr. Lanas asserts that the citation does not extend to payments made to material suppliers pursuant to the Mechanics Lien Act. The Court disagrees. Mr. Lanas offers no evidence of any such payments, nor does he attempt to quantify them. Moreover, Illinois law does not excuse transfers made in the ordinary course of business in contravention of a citation order. *See, e.g.*, *Air Auto Leasing Co.*, 297 Ill. App. 3d at 878-79, 697 N.E.2d at 791-92; *Laborers' Pension Fund*, 2003 WL 21310282, at *5 ("A corporation that is a[] judgment debtor and has been properly served with a citation is prohibited from paying its ongoing bills before paying the judgment."). As the Court stated earlier, payments on mechanics' liens do not fall under the two express exceptions listed in section 2-1402(f)(1) and are not materially distinguishable from the payments described in *Air Auto Leasing Co.* and *Laborers' Pension Fund*.

Fourth, Mr. Lanas argues that the citation did not extend to property that Lanas Construction, Inc. acquired and transferred while it was in bankruptcy proceedings pursuant to the automatic stay provision of section 362(a). The Court agrees. Under subsection 362(a)(2), the filing of a bankruptcy petition stays "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case." Any transfers that Mr. Lanas made were on behalf of

15

Lanas Construction, Inc., the debtor in the bankruptcy case. Enforcement of the Lanas Construction, Inc. citation with regard to those transfers would run afoul of the automatic stay. The Court concludes that Mr. Lanas may be held liable only for the transfers that predated the chapter 11 case and that followed the case's dismissal.

The Court accordingly grants the Funds' request for an entry of judgment against Mr. Lanas. Section 2-1402(f)(1) authorizes an entry of judgment "in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser." The Court thus enters judgment against Mr. Lanas for the amount of $140,572.35.

The Funds also seek an order requiring Mr. Lanas to submit revised work reports to the Funds on behalf of Lanas Construction, Inc.; requiring him to appear personally for a citation examination within seven business days from the date of the order on behalf of the company; and precluding him or any member of his immediate family from operating, owning, managing, or supervising any business that performs work in the craft or geographical jurisdiction of the Laborers District Council.

The Court declines to issue an order requiring Mr. Lanas to submit revised work reports to the Funds or to appear personally for a citation examination within seven business days from the date of the order. This would effectively be an order against Lanas Construction, Inc. The automatic stay invoked by the company's recent chapter 7 filing prohibits the Court from granting this request absent an order from the bankruptcy court modifying the stay. *See In re Fridge*, 239 B.R. 182, 190 (Bankr. N.D. Ill. 1999).

The Court also declines to issue an order precluding Mr. Lanas or his family

members from involvement in businesses that perform work in the jurisdiction of the Laborers District Council. The Funds have not offered sufficient evidence to justify such an order. In a previous decision in this case, the Court held that the Funds failed to establish as a matter of law that Mr. Lanas has "abused the corporate form 'for the purpose of depriving the union or the pension funds of any benefits to which they were entitled.'" *Shales*, 2009 WL 562607, at *6 (quoting *Trustees of Pension Welfare and Vacation Fringe Ben. Funds of IBEW, L. 701 v. Favia*, 995 F.2d 785, 789 (7th Cir. 1993)). Though the Court reached that conclusion in the context of a summary judgment motion, the Funds have not submitted with this motion any additional evidence to support this claim.

## Conclusion

For the foregoing reasons, the Court grants in part the motion for contempt against Daniels [docket no. 134] and the motion for contempt against Mr. Lanas [docket no. 129]. The Court directs the Clerk to enter judgment against Walter Daniels Construction and Jeff Lanas, jointly and severally, in the amount of $140,572.35 plus costs of enforcement. The case is set for a status hearing on October 12, 2010 at 9:30 a.m. The Court directs plaintiff to submit documentation the costs it requests by no later than October 8, 2010.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 24, 2010