IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN, SR., AL OROSZ, DAN BREJC, TOBY KOTH and GORDON ANDERSON, as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, <br><br> and <br><br> MIKE SHALES, JOHN BRYAN, SR., AL OROSZ, DAN BREJC, TOBY KOTH and GORDON ANDERSON, as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> LANAS CONSTRUCTION, INC., <br><br> Defendant. | Case No. 07 C 2970 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Third party Walter Daniels Construction (Daniels) moves for reconsideration of the Court's September 24, 2010 order [docket no. 155] granting a motion by the trustees of the Fox Valley Laborers' Health and Welfare Fund and the Fox Valley Laborer's Pension Fund (collectively, the Funds) for an order of contempt directed at Daniels. The Court denies the motion.

**Discussion**[1]

Daniels moves the Court to reconsider its contempt order for three reasons: the automatic stay provision in 11 U.S.C. § 362(a)(4) prevented the restraining provision of the citation from covering Lanas Construction, Inc.'s post-petition earnings, the Court's issuance of a contempt order was premature, and Daniels acted in good faith.

The Court may grant a motion to reconsider to, among other things, correct a manifest error of law or if newly discovered evidence dictates that the Court's original ruling should be overturned. *Caisse Nationale De Crédit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). Neither circumstance applies here.

The Court begins with Daniels' argument that the automatic stay provision in 11 U.S.C. § 362(a)(4) prevented the restraining provision of the citation from covering Lanas Construction, Inc.'s post-petition earnings. Daniels does not assert that any other subsection of 11 U.S.C. § 362(a) applies in this case and has accordingly forfeited any argument to that effect. *See Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7th Cir. 2005) (citing *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 964 n.1 (7th Cir. 2004)) ("The failure to develop an argument constitutes a waiver."); *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008) (noting that it is not the duty of the courts to construct parties' legal arguments for them).

Section 362(a)(4) provides in relevant part that the filing of a bankruptcy petition

---

[1] Contrary to the Funds' argument, the motion to reconsider is timely. Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Judgment against Daniels was entered on the docket on October 18, 2010. *See* Docket no. 162. The motion for reconsideration was filed within twenty-eight days of that date, on November 10, 2010.

"operates as a stay, applicable to all entities, of . . . any act to create, *perfect*, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4) (emphasis added). Daniels contends that the citation lien in this case "was unperfected as to property that had not been acquired by Lanas *before* the bankruptcy was filed, and the automatic stay prevented perfection in Lanas' earnings *after* the petition was filed." Daniels' Mot. for Recons. 4 (emphasis in original).

In support, Daniels cites *In re Earley*, 305 B.R. 837 (Bankr. N.D. Ill. 2004), and *In re Avis*, 178 F.3d 718 (4th Cir. 1999). *Earley* held that subsection 362(a)(4) prevented a wage deduction lien from attaching to a debtor's post-petition wages. *See Earley*, 305 B.R. at 841-43 (reasoning that liens conferred by the Illinois Wage Deduction Act did not attach until the wages were earned). *Avis* held that section 362(a)(4) preventing a continuing federal tax lien from attaching to an inheritance acquired after a bankruptcy petition filing. *See Avis*, 178 F.3d at 722-23 (reasoning that the tax lien was not perfected until the debtor actually received the inheritance).

*Earley* and *Avis* are inapposite. Under Illinois law, the proper service of a citation to discover assets creates a lien on "all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation." 735 ILCS 5/2-1402(m). The Seventh Circuit has affirmed that "the lien is considered perfected as of the date of service of the citation" even with respect to property acquired post-petition. *See Cacok v. Covington*, 111 F.3d 52, 54 (7th Cir. 1997) (citations omitted); *see also In re CMGT,*

3

*Inc.*, 402 B.R. 262, 271 (Bankr. N.D. Ill. 2009), *vacated on other grounds*, 424 B.R. 355 (Bankr. N.D. Ill. 2010) (same). Because the citation lien was already perfected when Lanas Construction, Inc. filed for bankruptcy, Daniels' argument fails.

Daniels argues further that the contempt sanction interferes with an underlying purpose of the bankruptcy code: to protect a debtor's ability to attempt a fresh start. The Seventh Circuit has articulated the dual purposes of the automatic stay as "protect[ing] debtors from harassment" and "ensur[ing] that the debtor's assets can be distributed in an orderly fashion." *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir. 1991) (citations omitted). The contempt sanction against Daniels was consistent with those purposes. Indeed, Daniels' adherence with the citation order would have facilitated an orderly distribution of assets, as it was intended to prevent third parties "from transferring funds which may become due to the judgment debtor, in order to insure that the latter does not abscond with money that is due." *Cacok*, 111 F.3d at 54 (quoting *Kirchheimer Bros. Co. v. Jewelry Mine Ltd.*, 100 Ill. App. 3d 360, 362, 426 N.E.2d 1110, 1113-14 (1981)). As the Court noted in its prior decision, Lanas Construction had the option of asking the bankruptcy court to grant relief from the citation. *See Shales v. Lanas Const., Inc.*, No. 07 C 2970, 2010 WL 3842362, at *5 (N.D. Ill. Sept. 24, 2010).

Daniels next argues that under Illinois law, a contempt order cannot be issued absent a prior turnover order, because it is "premature until the rights of all parties and the property are determined." Daniels' Mot. for Recons. 11-13. Daniels cites no relevant authority to support this proposition. Illinois law specifically provides that a court may punish violations of the restraining provision of the citation as a contempt

4

without reference to whether the court has issued a turnover order. *See* 735 ILCS 5/2-1402(f)(1) ("The court may punish any party who violates the restraining provision of a citation as and for a contempt . . . "); Ill. S. Ct. R. 277(h) ("Any person who fails to obey a citation, subpoena, or order or other direction of the court issued pursuant to any provision of this rule may be punished for contempt.").

Finally, Daniels reiterates its argument that it acted in good faith, attaching affidavits from its legal counsel and a project manager. The Court reached a contrary result on the basis of Daniels's misrepresentations concerning a July 2009 payment to Lanas Construction, Inc. *See Shales*, No. 07 C 2970, 2010 WL 3842362, at *7. Because Daniels fails to address the Court's reasoning or justify the misrepresentation, the Court rejects this argument.

Daniels' motion to reconsider does not persuade the Court that its ruling was incorrect. The Court therefore denies the motion. The Court declines, however, to award the Funds attorney's fees and costs for their prosecution of the contempt motion. Though the Court ultimately disagreed with Daniels, it did not and does not find Daniels' arguments frivolous or baseless.

## Conclusion

For the foregoing reasons, the Court denies the motion for reconsideration [docket no. 166]. The Court notes that a motion for turnover order [docket no. 103] may or may not still be pending. The case is set for a status hearing on January 12, 2010 at 9:30 a.m. to address that motion.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 16, 2010

5